The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AYNALEM MOBA et al., <br><br> Plaintiffs, <br><br> v. <br><br> TOTAL TRANSPORTATION SERVICES, INC. et al., <br><br> Defendants. | No. 2:13-cv-00138 MJP <br><br> DEFENDANTS' REPLY BRIEF IN SUPPORT OF SUMMARY JUDGMENT <br><br> NOTED ON MOTION CALENDAR: March 28, 2014 |

Defendants submit this reply to issues raised by plaintiffs in response to defendants' motion for summary judgment, in the plaintiffs' motion for a continuance of that motion.

1. **There is no pending ruling in a relevant case.**

Plaintiffs argue that this court should defer ruling pending the availability of a decision by the National Labor Relations Board decision in *Teamsters v. Pacific 9 Trucking*, because the decision could render this court's decision "subject to reversal." *Plaintiff's Motion to Continue Defendant's Motion for Summary Judgment, p. 2-3*. However, not only was that dispute resolved by settlement rather than a decision by a court or administrative agency, it involved significantly different facts.

DEFENDANTS' REPLY BRIEF IN SUPPORT OF
SUMMARY JUDGMENT - 1
Case No. 2:13-cv-00138 MJP

VANDEBERG JOHNSON & GANDARA, LLP
ATTORNEYS AT LAW
1201 PACIFIC AVENUE, SUITE 1900
P.O. BOX 1315
TACOMA, WASHINGTON 98401-1315
(253) 383-3791 (TACOMA)
FACSIMILE (253) 383-6377

F:\15000-15999\15000\15000.62293\PLEADINGS\LRCPA5K.DOCX

Pacific 9 Trucking operated under an entirely different business model than Seattle Freight Service, Inc., in that Pacific 9 Trucking owns all of the trucks driven their drivers. <u>See Exhibit 1 Reply Declaration of Lucy Clifthorne</u>. One of the primary factors determining the independence of an independent contractor is the independent contractor's ownership of the equipment used to do his or her work.

In addition, the dispute involving Pacific 9 Trucking was resolved by settlement, so its resolution has no bearing on the dispute before this court. <u>Id.</u>

2. **<u>Plaintiffs' testimony has been available to plaintiffs at all times</u>.**

Regardless of whether defendants suspended their depositions of plaintiffs pending this court's ruling on various issues, plaintiffs have had more than a year to assemble the facts that they believe would create a factual issue to defeat the defendants' right to dismissal on summary judgment.

Nor did the defendants "cut off" the plaintiffs' depositions; when plaintiffs' counsel were unable to attend the scheduled deposition, defendants accommodated them by rescheduling for the following day, and have not been asked to schedule further depositions. <u>See Reply Declaration</u>. Moreover, defendants responded to plaintiffs' discovery requests on December 4, 2013, yet plaintiffs did not ask to depose any defendant for more than two months. Thus, the inability to depose defendants is not attributable to a lack of cooperation by defendants.

Respectfully submitted this 27th day of March, 2014.

VANDEBERG JOHNSON & GANDARA, LLP


By  /s/ Lucy R. Clifthorne
Lucy R. Clifthorne, WSBA # 27287
Attorneys for Defendants

DEFENDANTS' REPLY BRIEF IN SUPPORT OF
SUMMARY JUDGMENT - 2
Case No. 2:13-cv-00138 MJP

VANDEBERG JOHNSON & GANDARA, LLP
ATTORNEYS AT LAW
1201 PACIFIC AVENUE, SUITE 1900
P.O. BOX 1315
TACOMA, WASHINGTON 98401-1315
(253) 383-3791 (TACOMA)
FACSIMILE (253) 383-6377

F:\15000-15999\15000\15000.62293\PLEADINGS\LRCPA5K.DOCX