UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AYNALEM MOBA, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>TOTAL TRANSPORTATION SERVICES INC, et al.,<br><br>　　　　　Defendants. | CASE NO. C13-138 MJP<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR CONTEMPT AND SANCTIONS AND DISMISSING CASE |

　　　　This matter is before the Court on Defendants' motion for contempt and sanctions based on Plaintiffs' failure to comply with discovery and with this Court's previous Order compelling Plaintiffs to comply. (Dkt. No. 54 at 1.) Defendants ask the Court to dismiss Plaintiffs from the lawsuit with an award of costs as a sanction, or alternatively, limit Plaintiffs' testimony and evidence to that which was timely disclosed. (Id. at 2.) The Court considered the motion, Plaintiffs' response (Dkt. No. 62), and Defendants' reply (Dkt. No. 66). The motion was discussed at a pretrial conference held in open court on June 30, 2014. The trial date of this case is July 7, 2014. (Dkt. No. 19.) The motion is GRANTED and this case is DISMISSED.

Dismissal is with prejudice as to Plaintiffs Amanuel Medhani and Gidez Beraki. Dismissal is without prejudice as to all other Plaintiffs.

**Background**

Plaintiffs brought suit against Defendants alleging violations of the Fair Labor Standards Act ("FLSA"), violations of the Washington Law Against Discrimination Act ("WLAD"), violations of Washington wage laws, intentional infliction of emotional distress, and negligence. (Dkt. No. 1.) Defendants moved for summary judgment (Dkt. No. 30), and Plaintiffs filed opposition to the summary judgment motion and moved for a continuance pursuant to Fed. R. Civ. P. 56(d). (Dkt. No. 42.) On April 25, 2014, this Court granted summary judgment on all claims except the hostile work environment claim brought under the Washington Law Against Discrimination. (Dkt. No. 46 at 14.) The Court denied Plaintiffs motion for a continuance. (Id. at 16.)

In the Order denying a continuance, the Court addressed concerns regarding Plaintiffs' counsel Lawrence Hildes's continual difficulty meeting Court deadlines and participating in discovery. The Court noted the discovery deadline had already been extended once to accommodate Mr. Hildes's travel and trial schedule. (Dkt. No. 46 at 6.) The Court also raised a concern that the failure to comply with Court deadlines was a pattern for Mr. Hildes, referencing the following cases: Acorn et al. v. City of Seattle et al., Case No. 05-00460, Dkt. No. 39 (W.D. Wash. 2005); White v. Witt, Case No. 05-00695, Dkt. No. 75 (W.D. Wash. 2005); Skvorak et al. v. Thurston County et al., Case No. 05-05100, Dkt. No. 42 (W.D. Wash. 2005); Dunn et al. v. Hyra et al., Case No. 08-00978, Dkt. No. 34 (W.D. Wash. 2008); Hall et al. v. County of Whatcom (WCSO) et al., Case No. 09-01545, Dkt. No. 151 (W.D. Wash. 2009); Love et al. v. City of Olympia et al., Case No. 09-05531, Dkt. No. 35 (W.D. Wash. 2009); Klyne v. Lindros et

1  al., Case No. 12-05105, Dkt. No. 19 (W.D. Wash. 2012); <u>Rojsza v. Ferndale et al.</u>, Case No. 12-
01149, Dkt. Nos. 10, 15 (W.D. Wash. 2012); <u>Elmi et al. v. SSA Marine, Inc. et al.</u>, Case No. 13-
01703, Dkt. No. 14 (W.D. Wash. 2013); <u>Hendricks et al. v. Pierce County et al.</u>, Case No. 13-
05690, Dkt. Nos. 20, 25 (W.D. Wash. 2013). (<u>Id</u>. at 6-7.) Since the Court's Order on summary judgment, Mr. Hildes has also requested extensions of time in <u>Young v. McEachron</u>, Case No. 14-590, Dkt. No. 13 (W.D. Wash. 2014) and in <u>Hendricks v. County of Pierce (PSCO)</u>, Case No. 13-5690, Dkt. No. 35 (W.D. Wash. 2014).   This problem of failing to adhere to court scheduling orders goes back many years, and has been repeated with multiple judges in the District. <u>See</u>, <u>Panagacos v. Towery</u>, Case No. 10-5018, Dkt. No. 227 (W.D. Wash. 2013)("The Court is reluctant to continually enable Plaintiffs' counsel's apparent inability to comply with the Court's schedule−even when that schedule is modified at the Plaintiffs' request.")

On April 28, 2014, this Court granted a motion to compel brought by Defendants, ordering Plaintiffs to fully answer interrogatories and requests for production by May 6, 2014, including production of requested tax returns. (Dkt. No. 47 at 4.) Upon finding Plaintiffs' counsel had inappropriately instructed a deponent not to answer certain questions, the Court also extended the discovery deadline to May 28, 2014 for depositions to be reconvened. (<u>Id.</u>) Defendants allege Plaintiffs' counsel indicated he would stipulate to dismissal of Plaintiffs who failed to comply with the Court's Order. (Dkt. No. 54 at 3.) On May 5, 2014, Defendants provided Plaintiffs with a list of Plaintiffs who either failed to answer interrogatories or failed to produce documents. (Dkt. No. 59 at 5.) No extension of the May 6, 2014 deadline was requested of the Court.

On May 12, 2014, Defendants learned Plaintiffs' attorney was ill, and refrained from contacting Plaintiffs until May 16, 2014, at which point Plaintiffs counsel was advised any

dismissals should include an award of costs. (Dkt. No. 54 at 3.) Defendants received interrogatory answer verification pages from 20 Plaintiffs, unattached to interrogatory answers and including verifications from some Plaintiffs who had not sent any actual answers on May 23, 2014, and on May 29, 2014 Defendants advised Plaintiffs the motion for sanctions at issue here would be filed on June 4, 2014. (Dkt. No. 55 at 2-3.) On June 4, 2014, six more responses were received. (Id.)

As of the date Defendants filed for sanctions, Plaintiffs Beraki, Medhani, and D. Gebremichael did not answer interrogatories, Plaintiffs Beraki, Chernat, Fentea, Girmay, Medhani, and H. Tsegay produced no documents, and not a single Plaintiff produced 2013 tax returns. (Dkt. No. 55 at 3.) Plaintiff Fentea did answer interrogatories, but Defendants allege the answers were insufficient. (Dkt. No. 59-1 at 5.) Of the Plaintiffs who answered interrogatories, at least six Plaintiffs (Sebhatu, H. Tsegay, Gebrehiwet, Kidane, Teklemarium, and S. Tsegay) did not answer until June 4, 2014. (Dkt. No. 55 at 3.)

The Court's Order compelling Plaintiffs to comply with discovery obligations also allowed Defendants to reconvene depositions at Plaintiffs' expense by May 28, 2014. (Dkt. No. 47 at 4.) On May 16, 2014, Defendants sent a letter to Mr. Hildes noting Defendants had requested depositions be reconvened, and Defendants had agreed to schedule depositions after a May 15, 2014 settlement conference. (Dkt. No. 59 at 7.) Mr. Hildes later requested the mediation be rescheduled to May 28, 2014. (Id.) Mediation was completed unsuccessfully, and Defendants attempted to schedule the depositions of Plaintiffs Moba and C. Gebremichael. (Id.) Reconvened depositions were not successfully scheduled or completed, and Defendants were ultimately able to take only 5 depositions. (Dkt. No. 54 at 2.)  Defendants represented at the June 30, 2014

pretrial conference that in preparation for trial they had intended to take each Plaintiff's deposition after reviewing answers to interrogatories and tax returns.

The difficult discovery issues in this case are further complicated by the need for interpreters in multiple languages. As of one week before trial, Mr. Hildes had not made arrangements for interpreters for presentation of each Plaintiff's testimony at trial, nor was there certification accompanying the answers to interrogatories that they were interpreted for the Plaintiffs so that they knew what they were verifying.

At the pretrial conference, Plaintiffs agreed two Plaintiffs, Amanuel Medhani and Gidez Beraki, should be dismissed from this case with prejudice because they have not responded to discovery and are not reachable, or no longer wish to be in this case. Plaintiffs indicated at the conference they were not prepared to begin trial on the scheduled trial date.

**Analysis**

A court may award sanctions against a party that fails to comply with a discovery order, up to and including dismissal of the action in whole or in part, or entering default judgment against a party. Fed. R. Civ. P. 37(d)(3). Courts "weigh five factors in deciding whether to dismiss a case for failure to comply with a court order: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Allen v. Bayer Corp., 460 F.3d 1217, 1226 (9th Cir. 2006)(internal citations omitted). These factors are not conditions precedent to issuing a sanction, but a way for courts to determine the best course of action. Id. Dismissal is a harsh penalty, and should only be imposed in extreme circumstances. Id. A court must generally consider less drastic alternative sanctions before using the sanction of dismissal. Adriana Int'l

1  Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir. 1990). "Where a court order is violated, the first

2  two factors support sanctions and the fourth factor cuts against a default. Therefore, it is the third

3  and fifth factors that are decisive." Id.

4  Defendants argue the harshest sanction of complete dismissal is appropriate because

5  Plaintiffs' failure to comply with discovery is not justified or harmless, and this Court already

6  utilized a less drastic sanction in granting Defendants' earlier motion to compel. (Dkt. No. 54 at

7  9.) Plaintiffs assert delays in compliance with discovery were justified, caused by Plaintiffs'

8  counsel's illness and obligations in a separate case. (Dkt. No. 62 at 5.) Plaintiffs also assert a

9  belief that Defense counsel verbally granted Plaintiffs additional time, until June 4, 2014, to

10  comply with this Court's discovery Orders. (Id.)

11  Upon consideration of the factors provided by the Ninth Circuit, the Court finds the

12  sanction of dismissal without prejudice the best and most practical course of action in this case.

13  "A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to

14  trial or threaten to interfere with the rightful decision of the case." Adriana Intl. Corp., 913 F.2d

15  at 1412. "Failure to produce documents as ordered . . . is considered sufficient prejudice." Id.

16  Plaintiffs failed to comply with discovery, even following an Order compelling them to do so,

17  and the Court will not require Defendants to defend themselves without the benefit of

18  depositions and complete discovery responses. Allowing this case to proceed to trial would be

19  prejudicial to Defendants.

20  The Court also finds less severe sanctions would not be adequate under the circumstances

21  in this case. The history of this litigation indicates any further extension of time would only

22  result in waste, and would hinder the proper administration of justice. Dismissal is appropriate

23  given the repeated warnings from this Court that Plaintiffs must comply with their discovery

24

obligations in a timely manner. (See, Dkt. No. 47.) Additionally, dismissal without prejudice will allow Plaintiffs to re-file this case and properly participate in discovery. While some Plaintiffs allege negative treatment occurring as far back as "around 10 years ago" (Dkt. No. 59 at 3), most allegations of hostile work environment are alleged between 2011 and 2013. (See, Dkt. No. 58 at 3.) Plaintiff Sebhatu describes 2013 as "the worst year for us." (Dkt. No. 59-1 at 15.) While the Washington Law Against Discrimination does not contain its own limitations period, Washington Courts apply the general statute of limitations for personal injury actions. Antonius v. King County, 153 Wn.2d 256, 261 (2004), RCW 4.16.080(2). The applicable statute of limitations is three years, and most of Plaintiffs' allegations will be capable of timely re-filing. Id.

Finally, while the Court is sympathetic to Plaintiffs' counsel's health concerns, the Court finds that even with the described limitations counsel should have been able to comply with discovery in this case. Counsel asserts he fell ill on May 10, 2014, and was incapacitated until May 17, 2014. (Dkt. No. 62 at 2.) This Court's Order on Defendants' motion to compel was filed on April 28, 2014, and required compliance by May 6, 2014, before the alleged illness onset date. (Dkt. No. 47.) At the pretrial conference held on June 30, 2014, Plaintiffs' counsel had no clear plan for the presentation of evidence or proof of damages. Plaintiffs' counsel had no plan for how the Court or jury would grapple with 25 individual Plaintiffs using multiple languages, and no plan for how each individual Plaintiff would be presented. In short, Plaintiffs were not ready to go to trial, and based upon Mr. Hildes's inability to organize and respond to deadlines and discovery throughout the case, there appeared to the Court no date or extension of time that could cure his disorganization.

Health and scheduling problems appear to be an ongoing issue for Plaintiffs' counsel, and the Court reminds counsel of the obligations of Rule 1.16(a)(2) of the Washington Rules of Professional Conduct. This Rule requires an attorney to withdraw from representation of a client if "the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client." Mr. Hildes is strongly urged by this Court to contact the Washington State Bar Association to seek assistance from the Lawyers Assistance Program, and to find counsel for his clients while he attends to his own physical and mental health issues.

## Conclusion

Plaintiffs failed to comply with the discovery Orders of this Court. If this case were allowed to go forward, Defendants would be prejudiced by their inability to obtain full discovery. No sanction less drastic than dismissal is appropriate. Defendants' motion for contempt and sanctions is GRANTED and this case is DISMISSED. Dismissal is with prejudice as to Plaintiffs Amanuel Medhani and Gidez Beraki. Dismissal is without prejudice as to all other Plaintiffs. No costs or fees are awarded.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 3rd day of July, 2014.

Marsha J. Pechman
Chief United States District Judge