UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AYNALEM MOBA, et al., | CASE NO. 2:13-cv-00138-MJP |
| Plaintiffs, | ORDER GRANTING MOTION FOR ATTORNEYS' FEES |
| v. | |
| TOTAL TRANSPORTATION SERVICES, INC, (TTSI), et al., | |
| Defendants. | |

This matter is before the Court on Defendants' motion for attorneys' fees. (Dkt. No. 74.) The Court reviewed the motion and all related documents. No response or reply was filed. The Court GRANTS the motion with revisions discussed below.

**Background**

Plaintiffs brought suit against Defendants, alleging violations of the National Labor Relations Act ("NLRA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), the Fair Labor Standards Act ("FLSA"), violations of the Washington Law Against Discrimination ("WLAD"),

violations of Washington wage laws, intentional infliction of emotional distress, and negligence on January 24, 2013. (Dkt. No. 1.) The Parties stipulated to dismiss with prejudice, "without an award of fees or costs to any party," the claims under the NLRA and Title VII. (Dkt. No. 21 at 1-2.) This Court granted summary judgment in favor of Defendants on all remaining claims except the hostile work environment claim brought under Washington law on April 25, 2014. (Dkt. No. 46.) On May 22, 2014, this Court awarded Defendants $6,216.37 in attorneys' fees and costs as part of a discovery sanction. (Dkt. No. 51.) On July 16, 2014, this Court dismissed without prejudice Plaintiffs' remaining state law claim as a sanction. (Dkt. No. 71.) No fees or costs were awarded at that time. (Dkt. No. 73.)

Defendants now move for an award of attorneys' fees in connection with the causes of action upon which they were granted summary judgment and those dismissed by stipulation. (Dkt. No. 74 at 5.) Defendants assert all attorney billing statements have been reviewed and services provided solely with respect to tort claims have been segregated and deducted. (Id.) Defendants are only seeking fees and costs for claims dismissed prior to or at summary judgment. (Id.) Defendants submit they have also deducted the attorneys' fees and costs previously awarded. (Id.) Plaintiffs and Defendants were parties to Transportation and Lease Agreement ("Agreement") contracts with a provision for attorneys' fees which reads: "If any action . . . is brought to enforce or interpret the provisions of this Agreement, the prevailing party will be entitled to reasonable attorneys fees . . ." (Dkt. No. 32 at 12.) The Agreement also provides the laws of the State of Washington will govern disputes arising out of the Agreement. (Id.)

**Analysis**

Under Washington law, attorneys' fees may be awarded when authorized by contract, statute, or recognized grounds in equity. Rorvig v. Douglas, 123 Wn.2d 854, 861 (1994). The Agreement is the contract at issue in this case, and it has a provision for attorneys' fees. (Dkt. No. 32 at 12.) Because Defendants prevailed in summary judgment on the FLSA claim, Washington wage law claim, retaliation claim under the Washington Law against Discrimination, and Negligence and Emotional Distress claims, they are properly considered prevailing parties on those claims. (Dkt. No. 46 at 16.) Defendants are entitled to attorneys' fees related to the defense of those claims. Defendants are not entitled to attorneys' fees related to the defense of the Title VII or NLRA claims because the stipulation under which these claims were dismissed with prejudice included the agreement that no attorneys' fees or costs would be awarded in connection with those claims. (Dkt. No. 21 at 1.)

Defendants are also not entitled to paralegal fees for litigation paralegal Jennifer Cygnor. In Washington, the following criteria are relevant to whether or not the services of paralegals or paralegal assistants are compensable as attorneys' fees:

> (1) the services performed by the nonlawyer personnel must be legal in nature; (2) the performance of these services must be supervised by an attorney; (3) the qualifications of the person performing the services must be specified in the request for fees in sufficient detail to demonstrate that the person is qualified by virtue of education, training, or work experience to perform substantive legal work; (4) the nature of the services performed must be specified in the request for fees in order to allow the reviewing court to determine that the services performed were legal rather than clerical; (5) as with attorney time, the amount of time expended must be set forth and must be reasonable; and (6) the amount charged must reflect reasonable community standards for charges by that category of personnel.

Absher Constr. Co. v. Kent Sch. Dist., 79 Wn. App. 841, 845 (1995). Here, Defendants failed to specify the qualifications of Jennifer Cygnor in request for fees, and failed to certify the tasks billed for were supervised by attorneys. (Dkt. No. 76 at 2.) Failure to establish these elements

1 renders the paralegal and paralegal assistant fees unrecoverable. See, Philips Oral Healthcare, Inc. v. Fed. Ins. Co., 2005 U.S. Dist. LEXIS 28423, *21 (W.D. Wash., Nov. 10, 2005).

3 Defendants claim a total of $85,651.25 in attorneys' fees. (Dkt. No. 74 at 6.) From this amount, $611.00 associated with the work of paralegal Jennifer Cygnor is subtracted. (Dkt. No. 76 at 3.) Fees for work associated with the NLRA and Title VII claims, amounting to $4,524.50, is also subtracted. (Dkt. No. 76-1 at 2, 4, 5, 12, 14, 16, 23, 24, 26.) Accordingly, the Court awards attorneys' fees in the amount of $80,515.75.

**Conclusion**

Defendants are entitled to attorneys' fees for claims upon which they prevailed, except fees related to the NLRA and Title VII claims, for which the parties stipulated fees would not be awarded. Defendants are also not entitled to paralegal fees where the paralegal's qualifications were not properly listed. Defendants' motion for attorneys' fees is GRANTED and Defendants are awarded fees in the amount of $80,515.75.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 14th day of August, 2014.

Marsha J. Pechman
United States District Judge